THOMAS DAWSON *et al.*

*v.*

THE FIRST NATIONAL BANK OF PARIS, ILLINOIS.

*Opinion re-filed October 23, 1907.*

1. CREDITOR'S BILL—*distinction between creditor's bill and bill to set aside deed in fraud of creditors.* The distinction between a creditor's bill proper and a bill by a creditor to set aside an alleged fraudulent conveyance in aid of an execution is, that in the former case the complainant must have exhausted his remedies at law by obtaining judgment, execution and a return *nulla bona,* while in the latter case he may proceed as soon as he recovers his judgment.

2. SAME—*partnership creditor is not obliged to proceed against both partners before attacking fraudulent conveyance.* A creditor who has obtained a judgment against a partnership may maintain a bill against one of such partners to set aside a conveyance of property for the fraudulent purpose of hindering and delaying creditors, without first exhausting his remedy at law to satisfy his judgment out of property of the other partner.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

F. W. DUNDAS, for plaintiffs in error.

F. C. VANSELLAR, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error filed its bill in chancery in the circuit court of Edgar county, alleging that on the 23d day of May, 1900, it recovered two judgments in the circuit court of said county against plaintiff in error Thomas M. Dawson and one Boatman, one for $1829.19, the other for $451.76; that Dawson and Boatman were partners but that said partnership had no assets or property. The bill alleges that on the third of May, 1901, defendant in error caused executions to be issued on said judgments, and that said executions were

228—37

returned August 2, 1901, "no property found." The bill further alleges that Thomas M. Dawson was the owner of certain real estate therein described, in said Edgar county, and that prior to the rendition of said judgments, and after the indebtedness upon which they were rendered had accrued, made a pretended conveyance of said real estate in fee simple to his wife, Fannie Dawson, which conveyance the bill charges was made without any consideration and was a mere sham, made with the intent to defraud defendant in error out of its just demands on said judgments. The bill alleges that there was no property of the firm of Dawson & Boatman at the time of the rendition of said judgments and has not been since that time, and that Dawson owns no other property than that fraudulently conveyed to his wife, which is alleged to be of much greater value than the homestead exemption, to-wit, of the value of $6500. The bill prays that said conveyance be set aside and that the premises may be sold under execution to satisfy said judgments, interest and costs. After answer and replication filed the cause was referred to the master in chancery to take proof and report his conclusions. After hearing the evidence he reported that the conveyance by Dawson to his wife was made without any consideration. He further found that the indebtedness for which the judgments were rendered was partnership indebtedness of Dawson & Boatman; that said partnership had ceased to do business and had no assets or property. He further reported, as a conclusion of law, that as Boatman was not made a party to the bill and no reason appeared why the judgments could not be satisfied out of his property, it was not shown that complainant had no remedy at law, and until its remedy at law was exhausted it was not entitled to the relief sought in a court of equity, and recommended that the bill be dismissed, which was accordingly done. From that decree an appeal was prosecuted to the Appellate Court, where the decree of the circuit court was reversed and the cause remanded, with

directions to the court below to enter a decree in favor of appellee, as prayed in its bill. The case is brought here by writ of error to reverse the judgment of the Appellate Court.

The sole question involved is, whether, before defendant in error was entitled to the relief prayed, it should have been made to appear that it had exhausted its remedy at law against Boatman, and was unable, by means of executions, to satisfy its judgments out of his property.

The contention of plaintiffs in error is, that even though the conveyance from Dawson to his wife was fraudulent and included all the property he owned, if his co-judgment debtor, Boatman, had property out of which the judgments might have been satisfied by means of executions it was its duty to so satisfy them; that so long as it had this means of collecting its judgments it was not delayed and hindered by the fraudulent conveyance from Dawson to his wife.

The bill here filed was not, in a strict sense, a creditor's bill, but was a bill in aid of an execution. From the early case of *Miller* v. *Davidson*, 3 Gilm. 518, down to the present time, a distinction has been recognized between a creditor's bill seeking to satisfy the complainant's debt out of some equitable estate of the defendant not liable to levy and sale under an execution at law, and a bill by a creditor seeking to remove a fraudulent conveyance out of the way of an execution. Under the first mentioned bill the complainant must show he has exhausted his remedy at law by obtaining a judgment, execution thereon, and the return of the execution "no property found." Under the last mentioned bill the creditor may proceed as soon as he obtains judgment and without issuing an execution thereon. (*Dillman* v. *Nadelhoffer*, 162 Ill. 625; *Weightman* v. *Hatch*, 17 id. 281; *French* v. *Commercial Nat. Bank*, 199 id. 213; *Andrews* v. *Donnerstag*, 171 id. 329; *Hughes* v. *Noyes*, id. 575; *Wisconsin Granite Co.* v. *Gerrity*, 144 id. 77; *Newman* v. *Willetts*, 52 id. 98.) These cases hold that an allegation of the issuance and return of an execution "no property found,"

in a bill by a creditor to set aside a fraudulent conveyance, is superfluous. In *Wisconsin Granite Co.* v. *Gerrity, supra,* this court by Mr. Justice Scholfield, after saying it appeared the court below had confused the scope and effect of the bill in that case with a creditor's bill filed for the purpose of reaching equitable assets of the defendant, said (p. 78) : "But its real scope and effect is simply to set aside and remove out of the way of complainant's execution upon its judgment at law certain conveyances executed by the defendant after he became debtor to the complainant without any valuable consideration and purely voluntary, and therefore fraudulent in law as against the rights of the complainant, to sustain which it was unnecessary to allege and prove the exhausting of its legal remedy before the filing of its bill, but it was authorized to file its bill as soon as it had recovered its judgment." Defendant in error had a right to proceed against the property of either one or both of the judgment debtors, but neither of said judgment debtors had the right to require it to proceed against the property of the other. The conveyance by Dawson to his wife of all the property he owned, without any valuable consideration, was a fraud upon defendant in error, and for that reason did not divest Dawson of the equitable title to the land. It was still subject to the payment of defendant in error's judgment, and under the authorities above cited, and many more to be found in our Reports, defendant in error was not obliged to proceed against Boatman before it was authorized to file its bill for the relief prayed in this case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Per Curiam: At a former term of the court the foregoing opinion was adopted and filed. Subsequently, on petition, a rehearing was allowed in the cause. Upon further consideration, however, we adhere to the views expressed in said opinion, and it is accordingly re-filed.