THIRD DISTRICT—MARCH, 1912.    667

First National Bank of Danville v. Delay, 168 Ill. App. 667.

## The First National Bank of Danville, Appellee, v. Albert Delay et al., Appellants.

1. MASTERS IN CHANCERY—*effect given to report.* While the report of a master in chancery does not have the same force as the verdict of a jury or the findings of a chancellor from oral testimony, yet where the master has seen the witnesses and observed their demeanor while testifying, his findings of fact are entitled to due weight, particularly where no question as to the competency of the evidence is made and the findings are approved by the chancellor.

2. CREDITOR'S BILLS—*when return nulla bona not essential.* A bill to set aside an alleged fraudulent conveyance in aid of an execution may be instituted and maintained as soon as the judgment is recovered.

Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

F. L. DRAPER and CHARLES TROUP, for appellants.

SWALLOW & SWALLOW, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The bill in this case, while in form similar to a creditor's bill, may properly be treated as a bill to set aside an alleged fraudulent conveyance in aid of execution, the allegations of the bill being sufficient. It alleges the recovery of a judgment by the complainant against the defendants, Albert Delay and one Joseph Ogden, for $612.41; the issuance of an execution thereon, and the return of said execution by the sheriff *nulla bona.* It further alleges the insolvency of both Delay and Ogden, and that said Delay was the owner of a certain lot in the city of Danville the legal title to which was in his wife, the defendant, Sarah C. Delay, but that the said Sarah C. Delay held

the title in trust for the defendant, Albert Delay, the same having been procured by the said Albert Delay to be transferred to her for the purpose of hindering, delaying and defrauding the complainant and other creditors of the latter.

The answers of the defendants, Sarah C. and Albert Delay, deny that the conveyance to the former was made for the purpose of hindering and delaying the creditors of Albert Delay or that she held the title to said real estate in trust for him. The answer of Sarah C. Delay admits that her husband, Albert Delay, conducted the negotiations as the result of which the property was conveyed to her, and avers that he was acting as her agent in the transaction, and that the consideration paid for the property was money which she had earned in the earlier part of their married life, together with her share of moneys earned by the joint efforts of her husband and herself; that shortly before the purchase of the property in question, a division was had between her and her husband of the property jointly accumulated by them, and that the money used in paying for said property came from her separate property and funds which she had after the division aforesaid.

The decree finds that the defendant, Albert Delay, was the equitable owner of the property in question and authorizes the complainant to proceed upon another writ of execution to be issued upon said judgment, and the sheriff to proceed thereunder to levy upon and sell the said real estate in satisfaction of complainant's judgment. We are not prepared to hold that the finding that the lot in question was paid for by Albert Delay and was his property, and that the conveyance of the same to his wife, Sarah C. Delay, was in fraud of the rights of complainant, the indebtedness to whom existed prior to the time of said conveyance, is contrary to or unsupported by the evidence.

Practically the only evidence introduced in support of the allegations of the answers of the defendants was the testimony of the defendants themselves. Their stories are in some respects unreasonable and self-contradictory, and impeached by the testimony of a number of witnesses in material particulars. A careful examination and consideration of all the testimony satisfies us that the master was warranted in refusing to credit either of them. While the report of a master in chancery does not have the same force as a verdict of a jury or the findings of a chancellor from oral testimony, yet where the master has seen the witnesses and observed their demeanor while testifying, his findings of facts are entitled to due weight, particularly where, as in the present case, no question as to the competency of the evidence is made and the findings are approved by the chancellor. Keuper v. Mette, 239 Ill. 586.

The contention of the defendants that the bill was prematurely filed because no demand for payment of the execution was made by the sheriff upon either of the debtors, and that the execution was not served upon them, or either of them, is without merit.

As has been said, the present bill may be treated as a bill to set aside an alleged fraudulent conveyance in aid of an execution, in which case the complainant had the right to proceed as soon as he recovered his judgment. Dawson v. Bank, 228 Ill. 577.

The decree of the Circuit Court is affirmed.

*Affirmed.*