## PELL ET AL. *v.* McCABE ET AL.

APPEAL FROM AND CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 311, 335. Argued October 16, 1919.—Decided November 10, 1919.

One who has not been subjected to the jurisdiction in an action *in personam* in another State cannot maintain a bill to enjoin its prosecution. P. 574.

A firm of bankrupts having offered a composition conditioned among other things that one T, who claimed to be a special partner only, should be released from liability to the firm or to any of its creditors assenting to the composition upon giving up a scheduled claim and assuming certain obligations for which securities of his were pledged, T in an agreement with the receivers accepted the composition and agreed to pay the obligations upon return of the securities, the equities in which he agreed to hold for the estate in case he should be adjudged a general partner. The District Court, having approved this agreement, later, in confirming the composition, relieved T, upon performance, from further liability to the receivers or the estate under the prior order "or otherwise," and dismissed pending petitions to have him declared a general partner and adjudged a bankrupt. *Held:* (1) That the decree did not estop persons, who though they had paid a claim and disputed another, did not appear in the bankruptcy proceedings, assent to the composition, or prove a claim, from prosecuting an action against T in a court of another State seeking to hold him as a general partner of the bankrupts for an after-discovered fraud; (2) that the District Court had no jurisdiction ancillary to the bankruptcy decree to enjoin such action. P. 576.

The scope of a decree set up as a basis for ancillary jurisdiction cannot
be affected by an admission by demurrer. P. 577.

256 Fed. Rep. 512, affirmed.

THE case is stated in the opinion.

*Mr. Lindley M. Garrison,* with whom *Mr. Emanuel J.
Myers* and *Mr. Gordon S. P. Kleeberg* were on the briefs,
for appellants and petitioners.

*Mr. William St. John Tozer* and *Mr. Henry Buist,* with
whom *Mr. George L. Buist* was on the briefs, for appellees
and respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought in the District Court of
the United States for the Southern District of New York,
by persons formerly doing business as partners under the
name S. H. P. Pell & Co., to restrain the defendants from
proceeding with a suit against them in South Carolina
charging them with fraud in partnership transactions in
cotton and seeking to recover a million and a half of dol-
lars. The bill was dismissed on demurrer for want of
equity by the District Court, 254 Fed. Rep. 356, and for
want of jurisdiction by the Circuit Court of Appeals, 256
Fed. Rep. 512. It is brought here by certiorari (No. 311)
and by appeal (No. 335).

The ground of jurisdiction set up is that the bill is an-
cillary to proceedings in bankruptcy against S. H. P. Pell
& Co. in the same district. The present plaintiff Thomp-
son was the only party served in the South Carolina suit
and he alleges that he was a special partner under the laws
of New York, that he was adjudicated not to be liable as a
general partner in the bankruptcy proceedings and that
the Court had ancillary jurisdiction to make its decree
respected. The other partners set up a discharge under a

composition but as they were not served with process in South Carolina the only question raised before us is whether Thompson can maintain the bill.

The bill discloses the following facts. After the appointment of receivers in the bankruptcy proceedings petitions were filed to have Thompson declared a general partner and adjudicated a bankrupt with the other members of the firm. Later an offer of composition was made by the firm in consideration of the discharge of the bankrupts from their debts and the release of Thompson from liability to S. H. P. Pell & Co. and to any creditor of the firm who should assent to the composition. By the terms of the composition Thompson gave up a scheduled claim of over three million dollars and assumed obligations of over two million dollars for which property of his was pledged. Pursuant to this offer an agreement was made between Thompson and the receivers by which Thompson accepted the composition and agreed to pay the last mentioned obligations and the receivers agreed to turn over the pledged securities to him, he undertaking in case it should be adjudged that he was a general partner to hold the equities in the same as trustee for the estate—all conditioned upon the Court making an order approving the contract. The order was made on January 6, 1915. On January 25, 1915, the composition was declared to be for the best interests of his estate and the creditors thereof, it and the arrangement with Thompson were confirmed, and it was decreed that on his complying with its terms he should be "relieved of any further liability to the said receivers or to the estate by reason of the order heretofore entered by this Court dated January 6, 1915, or otherwise." It was further decreed that the petitions to have Thompson declared liable as a general partner be dismissed. The defendants had been notified of the bankruptcy and the appointment of receivers, had paid one claim made against them for the estate and had disputed another which is now the subject

of a suit in New York, but they did not appear in the
bankruptcy proceedings, assent to the composition, or
attempt to prove a claim.

We believe that we have stated the essential facts relied
upon to support the bill. They seem to us not sufficient
for that purpose. It is said that in pursuance of a contract
sanctioned by the Court there was a settlement with
Thompson discharging him from all liability to the firm
and anyone claiming under it. We do not perceive that
the decree just recited even purports to deal with the de-
fendants' claim, and reading it in connection with the pro-
posal as to Thompson in the offer of composition we find
it at least difficult to understand it to have been directed
against other creditors than those who assented to the
latter. It is argued, to be sure, that the petitions seeking
to charge Thompson as a general partner were dismissed
out and out and that that portion of the decree at least
must be taken to operate *in rem* and decide against all the
world that he was not one. But it would be going far to
say that the dismissal was not to be read with the rest of
the decree in determining its scope, especially when it is
remembered that the composition bound the parties who
brought the petitions thus dismissed. It is altogether
probable that the dismissal was by consent. However this
may be, the decree only determined as against everybody
that Thompson's property should not be administered in
the bankruptcy proceedings; it did not conclusively estab-
lish as against the present defendants the finding of facts
upon which it is supposed to have been based, if there is
any reason to suppose that the facts as to his relation to
the firm were found. *Gratiot State Bank* v. *Johnson*, 249
U. S. 246. *Manson* v. *Williams*, 213 U. S. 453.

The claim of the present defendants in their action in
South Carolina is based as we have said upon allegations
of fraud, and it is further alleged in their complaint that
they believed the representations said to be fraudulent

until long after the decree set up here as a bar. If those allegations are proved the composition would not discharge the claim, and of course they were not passed upon in the bankruptcy Court. A decree that, as we have tried to show, cannot be taken to deal with the defendants' rights does not give ancillary jurisdiction to the District Court to enforce it against them. The concession by the demurrer that Thompson was a special partner does not affect the scope of the decree, and the jurisdiction depends upon that alone. It is true that if he was only liable as a special partner the South Carolina suit cannot be maintained, but the allegations of fraud open the whole matter and moreover the question here is not whether that suit can be maintained but whether an injunction against it should be issued by the District Court.

The appeal is dismissed and upon the writ of certiorari the decree dismissing the bill is affirmed.

*Appeal dismissed.*
*Decree affirmed.*