### STOTERAN v. SIMMONS et al.

Circuit Court of Appeals, Eighth Circuit.
October 22, 1928.

No. 8068.

John M. Redmond, of Cedar Rapids, Iowa (W. G. W. Geiger, of Tipton, Iowa, on the brief), for appellant.

H. Y. Simmons, of Cedar Rapids, Iowa (H. R. Trewin and Trewin, Simmons & Trewin, all of Cedar Rapids, Iowa, on the brief), for appellees.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This is an appeal from an order of the bankruptcy court disallowing a claim made by appellant as executrix of her husband's estate against

a concern known as the Iowa Bankers' Mortgage Company, in bankruptcy. The claim was founded upon cash paid by her deceased husband for stock in the bankrupt concern. In this connection there was also a promissory note of her husband given, which note was by the bankruptcy court canceled without payment, over which no controversy arises in this case. The contention of the claimant was that the transaction of the sale to and purchase by her husband of the stock was void for fraud, deceit, and misrepresentations of material facts, made and practiced by the bankrupt and its agents and representatives upon her husband to induce him to make the purchase of the stock. Appellant claimed to have rescinded the transaction as soon as the fraud was discovered, and to thus have placed herself in position to recover the purchase price paid for the worthless stock. The referee disallowed the claim, on the ground and for the reason the charges of fraud and deceit made by claimant were not established by the proofs adduced, and this action of the referee on petition to review was approved and confirmed, and the claim disallowed.

As a matter of fact, the fraud and deceit practiced by the bankrupt concern in the sale of its stock to the husband of claimant, and the conduct of its business affairs was developed before a special master, who took the proofs on an involuntary petition in bankruptcy filed against the company, from which proofs the special master found many acts of bankruptcy had been committed. This report of the special master was approved by the referee in bankruptcy and an adjudication entered. From the very nature of this case, the claimant, as the representative of her deceased husband, was placed at great disadvantage in making proof of the fraud, if any actually practiced upon her dead husband, which induced him to purchase the stock. Therefore, to establish her claim of fraud, she offered the report of the special master, made and filed in the matter on which the adjudication in bankruptcy was based in evidence. Judging from this report, and the proofs offered on which it was based, there can be no question but that the business affairs and transactions conducted by the bankrupt, in the main, at least, reek with fraud and were rotten with corruption; but, when this report was offered in evidence in support of the claim presented, its introduction was denied by the referee on the hearing, and this denial is the principal ground of complaint made by appellant, as it was approved by the trial court. Was this ruling erroneous?

This is the decisive question in the case. In principle, we are of the opinion the ruling of the bankruptcy court must be sustained. The question at issue when the proofs were taken and considered by the special master and his report made arose on a petition charging acts of bankruptcy under the provisions of the National Bankruptcy Act (11 USCA). That here presented is as to the fraud charged against bankrupt in a single and particular transaction. Acts of bankruptcy may well have been found and adjudged without reference to the particular claim of appellant in this case. Therefore the issue presented in the former matter and determined was in no sense the issue involved in the present matter. Again, the parties are not the same in the one matter determined as in the present case. The conclusion reached is fully established by decided cases controlling here. Gratiot State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587; Myers v. International Co., 263 U. S. 64, 44 S. Ct. 86, 68 L. Ed. 165; Pell v. McCabe, 250 U. S. 573, 40 S. Ct. 43, 63 L. Ed. 1147.

Some question was made that the rescission of the claimant as to the stock transaction was not timely made. That matter, however, now becomes immaterial.

The decision of the trial court is right, and must be affirmed.