Walter R. Crowder, Executor of the Last Will and Testament of Joseph Dedman, Deceased, Appellee, v. Frank Nuttall et al., Appellants.

Gen. No. 8,930.

Opinion filed April 17, 1936.

WARD & PUGH, of Shelbyville, for appellants; PHILIP L. TURNER, of Shelbyville, of counsel.

THOMPSON, WHITE & INGRAM, of Sullivan, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Walter R. Crowder, executor of the last will and testament of Joseph Dedman, deceased, appellee, filed his bill in the circuit court of Moultrie county, Illinois, on September 16, 1932, making Frank Nuttall *et al.*, appellants, parties defendant.

The bill was one in aid of an execution in which it was charged that appellee recovered a judgment in the circuit court of Moultrie county for the sum of $578.96 on September 16, 1932, against Frank Nuttall *et al.*; that previous to the time of the rendition of said judgment said defendant, Frank Nuttall, was the owner of

certain described real estate; that on September 16, 1932, said judgment was in full force and effect and an execution was caused to be issued for the purpose of obtaining satisfaction thereof and was delivered to the sheriff of said county; that prior to the rendition of said judgment but after the indebtedness upon which the same was rendered had accrued, to wit, on February 12, 1932, said Frank Nuttall and his wife, Clara, made a pretended conveyance of said real estate to said Clara B. Nuttall, his wife, for a pretended consideration of $800, and that, prior to the rendition of said judgment and after the indebtedness upon which the judgment was rendered, the defendants, Clara Nuttall and Frank Nuttall, made a further pretended conveyance to Ralph A. Nuttall, a son of said Frank Nuttall.

That neither of said conveyances were real or bona fide, but both were mere shams and made with the intention of defrauding appellee and the other creditors of said Frank Nuttall; that no consideration was paid and said deeds of conveyance were never legally delivered and said described premises are now held by said Ralph A. Nuttall in trust for the said Frank Nuttall and for the purpose of preventing a levy and sale of the same by virtue of said execution.

The bill of complaint contains a prayer that said conveyance be set aside and that complainant may be authorized to proceed upon his writ of execution, and that the sheriff be authorized to proceed to levy upon, advertise and sell said premises for the satisfaction of complainant's judgment, interest and costs.

After the filing of the bill it was suggested that Frank Nuttall had been adjudged a bankrupt by the United States District Court for the Eastern District of Illinois, and thereupon Max M. Adelman, trustee in bankruptcy, was permitted to file an intervening petition wherein it was alleged the judgment of appellee was obtained within four months prior to the adjudication in bankruptcy of said Frank Nuttall, and at a time

when he was insolvent, and that any money obtained by appellee through an order granting relief by virtue of said judgment would give to said appellee a preference over the general creditors of said bankrupt's estate, and that any order finding that the deeds to any real estate formerly owned by Frank Nuttall should be transferred back to said Frank Nuttall should and ought to substitute for the said Frank Nuttall the name of petitioner who is trustee in bankruptcy for all assets of Frank Nuttall.

Said petitioner prayed judgment if said property of Frank Nuttall, Clara B. Nuttall and Ralph A. Nuttall ought to be decreed to the petitioner as trustee in bankruptcy of the said Frank Nuttall.

Defendants answered said complaint and denied that any pretended conveyance was made from Frank Nuttall to Clara Nuttall, his wife; and denied that a further pretended conveyance was made by Clara B. Nuttall and Frank Nuttall to Ralph A. Nuttall; and denied the charges contained in section 6 of the bill, wherein it is charged that neither of said conveyances were real and bona fide and that both were made to defraud appellee and the other creditors of Frank Nuttall, and denied that said deeds were never legally delivered and that said premises were held by Ralph A. Nuttall for the use and benefit of Frank Nuttall, and for the purpose of preventing a levy and sale of the same.

Defendants denied the allegations contained in section 7, wherein it is charged that Frank Nuttall has no personal property or other real estate liable to levy and sale.

The cause came on for trial before the court and a decree was entered declaring said conveyance to be null and void and of no effect and vacating and setting the same aside, and adjudging the property to be the property of appellee, Walter R. Crowder, executor.

The bill filed by appellee is a bill in aid of an execution and is not a creditor's bill whereby the creditor seeks to satisfy his judgment out of some equitable

estate of the defendant, which is not liable to levy and sale under an execution at law. Its only purpose was to remove an alleged fraudulent conveyance out of the way of an execution.

The relief afforded by a bill in aid of an execution is of a different character from that afforded by a creditor's bill. Under the former the only relief granted is to set aside incumbrances or conveyances therein specified as fraudulent. *Rice Co. v. McJohn,* 244 Ill. 264. No facts are properly in issue unless charged in the bill, and no relief can be granted for matters not charged. The averments of a bill and the decree must correspond. It is fundamental that a party must stand or fall by the case made by his bill, and in order to recover he must not only aver facts from which a recovery can be had but he must also prove such facts by a preponderance of the evidence. *Rice Co. v. McJohn, supra.*

It is alleged that on September 16, 1932, appellee recovered a judgment against Frank Nuttall; that previous to the time of the rendition of the judgment but after the indebtedness upon which the same was rendered had accrued, to wit, on February 12, 1932, the defendant conveyed the premises in question.

On the trial of said cause the defendants, Frank Nuttall, Clara B. Nuttall and Ralph A. Nuttall, were called as witnesses by appellee, Walter R. Crowder, executor.

Prior to the adoption of the Civil Practice Act, if a plaintiff or defendant called a witness to the stand and examined him he vouched for his truthfulness and was bound by his testimony. Under the provisions of section 60 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 188, the rule is somewhat different. Any party to the suit may be examined as if under cross-examination at the instance of the adverse party, but the party calling for such examination will not be

concluded thereby but may rebut the testimony thus given by counter testimony.

The testimony of a party thus examined at the instance of the adverse party is not to be discredited by the fact that his testimony may be ·rebutted by the party calling him, but in considering his testimony the same test must be applied as is applied to the other witnesses in the case.

No attempt was made to rebut the testimony of either of these witnesses, except a Mr. Scott was called to testify as to a property statement that was made by Frank Nuttall on August 20, 1931.

During the examination of appellee by his solicitor, plaintiff's Exhibit A was offered and admitted in evidence and purported to be an assignment of the interest of the trustee in bankruptcy in the pending cause of action executed by said trustee, and ran to Walter R. Crowder, and which had been previously offered in evidence and excluded because the suit was pending in the name of Walter R. Crowder, executor; and when re-offered, on the same day, and admitted in evidence, an assignment from Walter R. Crowder to Walter R. Crowder, executor, appeared on said exhibit.

For the consideration of $50 Max M. Adelman, trustee in bankruptcy of the estate of Frank Nuttall, bankrupt, assigned all his interest as trustee in bankruptcy in said cause of action and authorized Walter R. Crowder to prosecute said suit and recover the money due for sale of lands or under execution issued out of the circuit court of Moultrie county.

Under section 70 of the Bankruptcy Act, the trustee upon his appointment and qualification is vested with all of the property of a bankrupt, except that which is exempt, and is given authority to avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred. For the purpose of such

recovery any court of bankruptcy, as defined in the act, and any State court which would have jurisdiction if bankruptcy had not intervened has concurrent jurisdiction.

When the trustee in bankruptcy intervened in said suit he stood in the same position as the complainant, and his right of recovery was limited by the scope of the bill filed by complainant and to the relief sought in said original bill, to wit: that the complainant be authorized to proceed upon his writ of execution, issued as aforesaid, or issue other writs thereon as it may be deemed necessary; that the sheriff of said county thereupon be directed to proceed to levy upon, advertise and sell said premises for the payment and satisfaction of said judgment, interest and costs.

The burden of proof was upon appellee; yet we are unable to find in the record any evidence of any such judgment or any evidence that the defendant, Frank Nuttall, was indebted to the appellee in any amount prior to the conveyances complained of, or any conveyance of date February 12, 1932, made by Frank Nuttall and Clara B. Nuttall to Clara B. Nuttall. These were material allegations, and no recovery could be had unless such allegations were proven.

The decree entered by the court declared null and void the conveyances complained of and set the same aside; and also decreed that said real estate be and the same was adjudged to be the property of the plaintiff, Walter R. Crowder, executor.

The court was without authority, under the bill filed or the prayer thereof and under the proof, to enter any decree vesting title to the property in question in the complainant. We have not passed upon the question as to whether the facts alleged and proven were sufficient to warrant the court in finding that the conveyances were made with the intent of defrauding the complainant and other creditors of said Frank Nuttall, and we deem it unnecessary to do so in view of the fact that the decree and judgment of the circuit court must be

reversed and the cause remanded because of a lack of proof of the material allegations of the bill heretofore pointed out.

The decree of the circuit court of Moultrie county is therefore reversed and said cause remanded.

*Reversed and remanded.*