## CASPERS v. WATSON et al.

### No. 8095.

Circuit Court of Appeals, Seventh Circuit.

Dec. 2, 1942.

Aiken, McCurry, Bennett & Cleary and Emmet J. Cleary, all of Chicago, Ill., for appellant.

Henry E. Ayers and Horace A. Young, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is a suit in equity in the nature of a creditor's bill, instituted by a receiver of a National Bank, seeking to discover assets in order that they might be applied to the satisfaction of a judgment against Irene M. Watson, obtained by the plaintiff on

May 3, 1937, in the District Court of the United States for the Northern District of Illinois, Eastern Division, upon which judgment an execution had been issued and returned by the Marshal wholly unsatisfied. Rice v. McJohn, 244 Ill. 264, 91 N.E. 448.

During the pendency of the suit, the plaintiff receiver, as judgment creditor, assigned to Paul Caspers the judgment and "any and all sum and sums of money that may hereafter be had or obtained by means thereof, or any proceedings to be had thereupon." In the assignment of the judgment, the assignor agreed to the substitution of Paul Caspers as plaintiff in the complaint instituted by the receiver. April 22, 1942, Caspers, by order of the court, was substituted as plaintiff, and thereafter, on defendants' motion, the complaint was dismissed and a decree for costs was rendered against the plaintiff. To reverse this decree, plaintiff appeals.

The defendants contend that the District Court lost jurisdiction of the case after the receiver assigned the judgment. The argument is that the original plaintiff was a receiver of a National Bank and filed his complaint in the proper exercise of his power in winding up the affairs of the bank, but that when he sold the judgment to a private individual who was substituted as plaintiff, both jurisdictional grounds disappeared.

The defendants rely upon the case of Weaver v. Kelly, 5 Cir., 92 F. 417, as a precedent to support their argument. A careful reading of that case discloses that it was an original bill brought by a receiver of a National Bank against Kelly and Short to quiet title to land. During the pendency of the case, Short purchased the receiver's interest in the land and thereafter the suit was prosecuted for his benefit. The reviewing court held that the trial court should not have permitted the litigation to proceed for the exclusive benefit of the original defendants. The Weaver case is clearly distinguishable and, in the view we take of the instant case, it is not applicable because it was an original suit, and not a creditor's suit to enforce the payment of a judgment rendered by the same court.

■ We think the rule is well established that the jurisdiction of a court over a particular subject matter and that court's power to apply a remedy are coextensive; so that demands which are ancillary to the main action may be taken cognizance of by the court and determined in aid of its authority over the principal matter, and the court may entertain proceedings ancillary to its judgment, for the jurisdiction it originally acquired is not exhausted by the entry of the judgment, Pell v. McCabe, 2 Cir., 256 F. 512, 515. Consequently, our problem is to decide whether plaintiff's complaint is an ancillary suit. If it is, obviously, the District Court erred in dismissing the complaint for want of jurisdiction.

■ An ancillary suit in equity is one growing out of a prior suit in the same court, dependent upon and instituted for the purpose of obtaining and enforcing the fruits of a judgment in the former suit, Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, regardless either of the citizenship of the parties or the amount in controversy. Hume v. City of New York, 2 Cir., 255 F. 488, 491. It may be maintained in the absence of a federal question, Dickey v. Turner, 6 Cir., 49 F.2d 998, and any party whose interest is affected may assert his rights by filing the bill on his own behalf, Krippendorf v. Hyde, 110 U.S. 276, 281, 282, 4 S.Ct. 27, 28 L.Ed. 145, irrespective of whether the court would have jurisdiction if the proceeding were an original one. The proceeding being ancillary and dependent, the jurisdiction of the court follows that of the original cause. Local Loan case, supra, page 239 of 292 U.S., page 696 of 54 S.Ct., 78 L.Ed. 1230, 93 A.L.R. 195.

■ We observe that there is no question as to the validity of the judgment, the service of execution and the return thereof unsatisfied, and it is clear that by the complaint, the plaintiff is seeking to satisfy his judgment out of some equitable estate of the defendant Watson. We, therefore, conclude that the suit is ancillary to the original suit and that the court had jurisdiction of the subject matter of this action.

The judgment is reversed, and the cause is remanded with directions to proceed in accordance with this opinion.