James P. MITCHELL, Secretary of Labor, United States Department of Labor

v.

Ole SINGSTAD and David G. Baillie, Jr., individually and as partners doing business as Singstad & Baillie.

Civ. No. 10050.

United States District Court
D. Maryland.

Jan. 7, 1959.

Ernest N. Votaw, Regional Atty., and Louis Weiner, Atty., U. S. Dept. of Labor, Chambersburg, Pa. (Stuart Rothman, Solicitor of Labor, John J. Babe, Asst. Solicitor, Washington, D. C., and James M. Miller, Atty., Washington, D. C., on the brief), for plaintiff.

Theodore Sherbow, Sherbow & Sherbow, Baltimore, Md., for Singstad & Baillie.

Joseph D. Buscher, Sp. Asst. Atty. Gen., State of Md. (C. Ferdinand Sybert, Atty. Gen., and Charles C. Seymour, Sp. Atty., Baltimore, Md., on the brief), for State Roads Commission of Md.

THOMSEN, Chief Judge.

The motion of the State Roads Commission of Maryland, acting for and on behalf of the State, to intervene as a defendant in this action for an injunction under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., is opposed by plaintiff, the Secretary of Labor.

Defendants, Singstad and Baillie, are professional engineers who, under a contract with the State Roads Commission, performed certain services in connection with the design and construction of a tunnel, known as the Patapsco Tunnel Project (Baltimore Harbor Tunnel).

Plaintiff alleges and defendants deny that some or all of defendants' employees working on said project were engaged in interstate commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act. Defendants admit that their employees were not paid in accordance with the requirements of that Act. The complaint seeks no money damages for any employee, only an injunction against further violation of the Act.

The complaint was filed in September, 1957, when the tunnel project was nearly completed. Trial was postponed in the hope of an early decision by the Supreme Court in Mitchell v. Lublin, McGaughy & Associates, et al., certiorari granted 356 U.S. 917, 78 S.Ct. 704, 2 L.Ed.2d 713, but trial is now scheduled for February 1959.

In October 1958, the Commission filed its motion to intervene, alleging (1) that by the terms of its contract with defendants it is or may be bound by the judgment in this action, having received a letter from defendants' counsel stating: " * * * it appears to us that Singstad & Baillie have a claim against the Commission for any liability placed upon that firm as a result of the above action"; and

(2) that representation of the Commission's interest in this action by existing parties "is or may be inadequate inasmuch as any such judgment, if adverse, will directly influence the cost to be borne by the Applicant of this and future projects wherein such engineering services are required, and as such has a defense to the Plaintiff's claim presenting both questions of law and of fact which are common to the main action". The Commission, however, has been unwilling to produce the full contract, and contends that it would not be liable to defendants for any additional compensation due their employees and that it is not subject to suit on such a claim. State, to Use of Lane v. Dashiell, 195 Md. 677, 687, 692, 75 A.2d 348, 353, 355; Lohr v. Upper Potomac River Commission, 180 Md. 584, 588, 589, 26 A.2d 547, 549. Moreover, it does not appear that any employee of defendants has ever made claim for any additional compensation for work on the tunnel project, and most such claims would now be barred by limitations. The interest of the Commission in connection with any employee's claim will be adequately represented by counsel for defendants; the Commission really wants a declaratory judgment against the Secretary which will clarify the obligations of the engineering firms that the Commission will employ on its future projects. The Commission is not entitled to such a declaratory judgment, for the United States has not consented to such a suit. State of Minnesota v. United States, 305 U.S. 382, 387, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Dry Dock Savings Institution, 2 Cir., 149 F.2d 917; United States v. Great Northern Ry. Co., D.C.D.Mont., 32 F.Supp. 651, affirmed MacDonald v. United States, 9 Cir., 119 F.2d 821, and 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836.

On the other hand, a decision by this court, or by the Court of Appeals or the Supreme Court on appeal, of the issues

involved in this case, will affect the State of Maryland in its road building program. The State has a real interest in seeing that its views with respect to the issues involved in this case are brought to the court's attention, that sufficient evidence is produced to support its contentions, and that an appeal be taken from any decision adverse to its position, even though defendants might be satisfied with a Pyrrhic defeat. Certainly the Commission, on behalf of the State, should be allowed to appear as amicus curiae, and for the reasons stated above in this paragraph should be allowed to intervene as a defendant if the court has the power to do so. Such intervention should be limited to the issues involved in the instant case and should not permit a broadening of those issues to convert the case into a declaratory judgment action. I have been assured by counsel that such intervention would not delay the trial.

■■■ Grounds for intervention under a literal interpretation of Rule 24(a) or (b), F.R.Civ.P., 28 U.S.C.A. do not exist. However, where the public interest is clear, courts permit a state or a federal agency to intervene, as *parens patriae* or other grounds. Securities and Exchange Comm. v. United States Realty & Improvement Co., 310 U.S. 434, 459, 460, 60 S.Ct. 1044, 84 L.Ed. 1293, and cases cited; People of State of California v. United States, 9 Cir., 180 F.2d 596, 601; XVIII N.Y.U.L.Q.Rev. 148–150. Intervention by private groups has been permitted in unusual cases where the public interest was sufficiently imperative. Textile Workers Union of America v. Allendale Co., 96 U.S.App.D.C. 401, 226 F.2d 765. Admittedly there is strong authority to the contrary, but the decision in each case must be made on its own merits, in the light of the dominant purpose of the Federal Rules of Civil Procedure—to secure the just determination of every action. Rule 1.

The motion to intervene is granted, as limited herein.