**UNITED STATES of America,**
**Plaintiff,**

v.

**LOCAL 638, ENTERPRISE ASSOCIA-**
**TION OF STEAM, HOT WATER, HY-**
**DRAULIC SPRINKLER, PNEUMAT-**
**IC TUBE, COMPRESSED AIR, ICE**
**MACHINE, AIR CONDITIONING AND**
**GENERAL PIPEFITTERS, et al., De-**
**fendants.**

**No. 71 Civ. 2877.**

United States District Court,
S. D. New York.

June 14, 1972.

See also D.C., 337 F.Supp. 217 and
347 F.Supp. 169.

J. Lee Rankin, Corp. Counsel for intervenors by Beverly Gross, Steven J. Sacks, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. for plaintiff by Howard S. Sussman, New York City, of counsel.

Cohn, Glickstein, Lurie & Ostrin, New York City, for defendant Local 28 by Sol Bogen, Daniel W. Meyer, New York City, of counsel.

GURFEIN, District Judge.

## MEMORANDUM

The New York City Commission on Human Rights (the "City Commission") seeks to intervene as an additional party plaintiff in an action brought by the Attorney General of the United States, pursuant to Section 707(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–6(a), against four local unions in the building construction industry in New York City which the Attorney General charges with having engaged in a pattern of discrimination against blacks and Puerto Ricans. One of the defendant unions is Local 28 of the Sheet Metal Workers International Association ("Local 28"). For purposes of trial, the action has been divided into four parts, the case against each local union to be tried separately. The consideration of the proposed intervention by the City Commission will be limited to the part of the action that is against Local 28, which does not oppose permissive intervention. Regardless of this consent, the Court must find jurisdiction to exist in order to permit the intervention.

## I

Intervention may be considered either under Rule 24(a) or 24(b), the City Commission having moved in the alternative.

Rule 24(a) deals with intervention of right. That rule provides that "anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

■ I cannot find that the interests of the residents of New York are not adequately represented by the Department of Justice of the United States. Yet this would have to be a necessary finding to permit intervention as of right. There is no evidence to support such a finding. Cf. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). In any event, a broad construction of the word "transaction" in order to allow intervention *of right* seems undesirable. It is better to consider permissive intervention under Rule 24(b), so that the District Court is not bound to accept intervention by cities or their agencies, as a matter of right, in the variety of cases that come before this Court.

■ I recognize that, from the point of view of federal jurisdiction, the former would be the easier course to take. For in the case of an intervention of right, independent federal jurisdiction is not required whether jurisdiction in the original action is based on diversity of citizenship or on a federal question. See United States to Use and for Benefit of Foster Wheeler Corp. v. American Surety Co. of New York, 142 F.2d 726, 728 (2 Cir. 1944); 3B Moore's Federal Practice ¶ 24.18[1]. (2d ed. 1969).

## II

■ The proposed intervention may, however, be considered as a permissive intervention under Fed.R.Civ.P. 24(b). There is no "statute of the United States [which] confers a conditional right to intervene" (Rule 24(b) (1)), nor does any party, strictly speaking, rely for ground of claim or defense upon a statute or executive order administered by the intervenor or any regulation (etc.) thereunder (Rule 24(b)). The action is exclusively based on a federal statute, the Civil Rights Act of 1964, which is not administered by any state agency and certainly not by the City Commission. But, in my opinion, the other ground for permissive intervention does exist here: "when an applicant's claim or defense and the main action have a question of law or fact in common" (Rule 24(b) (2)).

■ We start with the proposition that "[Rule 24(b) (2)] plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." SEC v. United States Realty & Improvement Co., 310 U.S. 434, 459, 60 S.Ct. 1044, 1055, 84 L.Ed. 1293 (1940).

■ ■ Second, where the interest of the intervenor "is a public one" the "claim or defense" in Rule 24(b) (2) founded upon this interest has a "question of law in common with the main proceeding." Id. 310 U.S. at 460, 60 S. Ct. at 1055.[1] The legal issues in the federal action are substantially the same as those which the City Commission is charged with determining as an administrative matter. "Although the rule speaks in terms of a 'claim or defense' this is not interpreted strictly so as to preclude permissive intervention" where "the legal issues are the same." Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694, 704 (1967); see Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 Harv.L. Rev. 721, 733–34, 759 (1968).

■ After the Attorney General brought this action, the City Commission started an administrative proceeding against Local 28 by filing a charge of discrimination against it. The charge was that Local 28 had engaged in unlawful discriminatory practices in violation of the Administrative Code of the City of New York, Chapter I, Title B (the City Human Rights Law), specifically with respect to its membership, referral and apprenticeship practices. This federal action would not necessarily stop the City proceeding. The Congress has specifically disavowed an intent to occupy the field to the exclusion of state or local laws on the same subject matter. 42 U. S.C. §§ 2000h–4, 2000e–7.

The City Commission, however, seeks to intervene in the federal action on the ground that a decree of this Court ultimately would supersede to some degree its own administrative order, and that the status of the City as a regular contracting party with the construction industry gives it a direct financial interest in any order this Court may make. If intervention is granted, the Commission plans to discontinue its administrative proceeding. The City Commission also notes that the voluntary "New York 'Plan," designed to increase the representation of minorities within the construction trades and adopted in accordance with Presidential Executive Orders 11246 and 11375, may be affected by the federal case and that this might subject the City to federal sanctions. It alleges that Local 28 is the only construction union in the City which has refused to sign the Plan. Finally, the City Commission seeks to intervene in order to protect the City's citizens from racial and ethnic employment discrimination.

Permissive intervention seems justified in the circumstances. Intervention would permit the City to offer evidence and suggestions to the Court, which which might be helpful in this difficult and delicate area. There is no reason to believe that intervention will unduly de-

---

1. Although there the Commission sought to intervene in a proceeding under Chapter XI of the Bankruptcy Act, the holding affords an analogy to the case at bar.

lay or prejudice the adjudication of the rights of the original parties.

## III

Having chosen the harder course of considering permissive jurisdiction, the question of subject matter jurisdiction must be assessed.

The statute which specifically authorizes the Attorney General to bring this action, Title VII, § 707, 42 U.S.C. § 2000e–6, is silent on the question of intervention. The companion section relating to actions brought by the "aggrieved person" provides that the Court may stay its own proceedings to permit the state or local authority to remedy the practice alleged; Title VII, § 706(e), 42 U.S.C. § 2000e–5(e).[2] No such stay is provided in actions brought by the Attorney General under Section 707. That federal jurisdiction is mandated in such suit, without regard to state remedies, does not mean, however, that a companion proceeding by the state must be permitted to go on while the federal action proceeds. Two courses of action to avoid such a contretemps are apparent: (1) to enjoin the City Commission proceeding; or (2) to permit intervention by the City Commission in the federal action.

██ Whether this Court has jurisdiction in the first instance to halt the City Commission proceeding by injunction need not be decided. Cf. McNeese v. Board of Education, 373 U.S. 668, 83 S. Ct. 1433, 10 L.Ed.2d 622 (1963); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L. Ed.2d 663 (1962); Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358, 368–369 (1971) cert. granted District of Columbia v. Carter, 404 U.S. 1014, 92 S.Ct. 683, 30 L.Ed.2d 661 (1972); Adams v. City of Park Ridge, 293 F.2d 585, 587 (7 Cir. 1961). For I believe that there is subject matter jurisdiction which makes the intervention permissible. That result stems from the doctrine that if the suit proposed to be initiated by the intervenor is "ancillary and dependent, the jurisdiction of the court follows that of the original cause, and may be maintained without regard to the citizenship of the parties or the amount involved." Local Loan Co. v. Hunt, 292 U.S. 234, 239, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934).[3] This Circuit has stated that an ancillary suit may be maintained, *inter alia*, "[t]o prevent the relitigation in other courts of the issues heard and adjudged in the original suit." See Pell v. McCabe, 256 F. 512, 515 (2 Cir.), aff'd, 250 U.S. 573, 40 S.Ct. 43, 63 L.Ed. 1147 (1919).[4] "If a court has jurisdiction of the principal suit, it also has jurisdiction of any ancillary proceeding in that suit. Neither the citizenship of the parties, nor the amount in controversy, nor any other factor that would ordinarily determine jurisdiction, has any bearing on the right of the court to entertain that proceeding." *Id.* quoting 2 Street's Federal Equity Practice § 1229.[5]

The same result, I believe, is authorized in this motion for permissive intervention under Rule 24(b) (2), even where no independent basis for federal jurisdiction exists.

The Supreme Court has not determined whether, and in what circumstances, permissive intervention may be allowed in the absence of an independent basis of federal jurisdiction. Professor

---

2. That subsection also provides for intervention by the Attorney General in certain cases brought by the aggrieved person.

3. Or, for that matter, without regard to any other jurisdictional prerequisite. See Note, UMW v. Gibbs and Pendent Jurisdiction, 81 Harv.L.Rev. 657, 662–64 (1968).

4. It is not considered to be of significance that the City litigation is not technically a *court* proceeding.

5. The same notions of dependence which formerly gave jurisdictional support for an ancillary suit in equity tend to support ancillary jurisdiction for intervention under the Federal Rules of Civil Procedure. See Walmac Co. v. Isaacs, 220 F.2d 108, 113–114 (1 Cir. 1955); Caspers v. Watson, 132 F.2d 614, 615 (7 Cir. 1942), cert. denied, 319 U.S. 757, 63 S.Ct. 1176, 87 L.Ed. 1709 (1943).

Moore, however, has stated his view of Rule 24 in categorical fashion:

"Intervention under an absolute right, or under a discretionary right in an in rem proceeding, need not be supported by grounds of jurisdiction independent of those supporting the original action. Intervention in an in personam action under a discretionary right must be supported by independent grounds of jurisdiction, except when the action is a class action, or when a federal statute gives the conditional right to intervene." 3B Moore, *supra*, ¶ 24.18[3] at 24–772 (footnotes omitted).[6]

Research has disclosed neither precedent in the Supreme Court nor in our Court of Appeals for the view that a permissive intervention, in an action which is not in rem, can never be allowed in the absence of an independent federal jurisdictional basis. Given the broad view of the Supreme Court in Local Loan Co. v. Hunt, *supra,* and in the light of the expanded doctrine of pendent jurisdiction, United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), I see no bar to following the old equity practice of supporting federal jurisdiction on the basis of the main action where the intervenor is vitally related to it. Furthermore, although this is not a "class action," the reasons of policy which permit an exception in such cases also apply here. The City Commission seeks to represent an aggregate of persons. So does the Attorney General of the United States. Indeed, they are the same persons, the black and Puerto Rican inhabitants of metropolitan New York. It is hardly a large step, in federal question actions, to extend the doctrine of pendent jurisdiction to pendent parties (who really represent a class), even though the additional "claim" is not independently susceptible to federal adjudication. See Note, UMW v. Gibbs and Pendent Jurisdiction, 81 Harv.L.Rev. 657, 662–64 (1968); cf. Borror v. Sharon Steel Co., 327 F.2d 165, 172–174 (3 Cir. 1964). Such a permissive intervention enhances the efficacy of the federal decree. It does not burden the federal courts unduly, for its operation is permissive and may be easily restricted. It does not lend itself to a possible collusion to confer federal jurisdiction which could exist in diversity cases, because federal question jurisdiction cannot so easily be manufactured.[7]

■ While it is true that the City Commission could simply wait for the decision of this Court and abide by its terms, there is no assurance that it would wait, and the intervenor's complaint comes within the ancillary juris-

---

6. Moore says there that "[t]he majority of recent cases continue to follow the principle that where the right to intervene in in personam actions is discretionary, independent jurisdictional grounds must be shown. However, there are several cases which have taken a broader view and have not required independent jurisdiction." 3B Moore, *supra*, at 24–781. A number of the cases cited by Professor Moore as authority for his text, in turn, cite his text as their authority.

7. Fear of a collusive bestowal of jurisdiction has played a role in a number of prior holdings. Accordingly, some courts have looked at whether the intervenor was a dispensable or an indispensable party. In *diversity* cases, the absence of independent federal jurisdiction has not defeated permissive intervention where the party was dispensable. E. g., Northeast Clackamas County Electric Co-Operative, Inc. v. Continental Cas. Co., 221 F.2d 329, 331–333 (9 Cir. 1955), relying on Wichita R.R. & Light Co. v. Public Utilities Comm'n, 260 U.S. 48, 54, 43 S.Ct. 51, 53, 67 L.Ed. 124 (1922) ("Jurisdiction once acquired on that [diversity] ground is not divested by a subsequent change in the citizenship of the parties.")

Other courts suggest that while permissive intervention in a diversity case does require an independent diversity of citizenship, permissive intervention requires no independent jurisdictional basis where the original jurisdiction is based on a *federal question.* E. g., De Korwin v. First Nat. Bank, 94 F.Supp. 577, 579 (N.D.Ill.1950) (semble); see Olivieri v. Adams, 280 F.Supp. 428, 432 (E.D.Pa. 1968) (three-judge court).

diction of this Court. Intervention would insure that there will be no conflicting order by the City outstanding when the federal case is ended. Cf. Voutsis v. Union Carbide Corp., 452 F.2d 889, 893 (2 Cir. 1971). It will make for uniformity in defining the rights of residents of the City, in which the City has a vital interest, both as a concurrent enforcer of those rights and as a contracting party whose financial interests are involved.

Permission for the City of New York to intervene as an additional party plaintiff in that part of the action which relates to Local 28 is granted. See Nuesse v. Camp, *supra;* Mitchell v. Singstad, 23 F.R.D. 62, 64 (D.Md.1959). The caption shall be amended accordingly. Papers may be filed without further order.

It is so ordered.