■ JOHN DOE, Respondent-Appellant, v OFFICE OF PROFESSIONAL MEDICAL CONDUCT OF THE NEW YORK STATE DEPART-

---

the period in which the speedy trial motions were pending *(see,* CPL 30.30 [4] [a]).

MENT OF HEALTH, Appellant-Respondent.—Order, Supreme Court, New York County (Stanley Parness, J.), entered on or about November 23, 1988, which granted petitioner's motion to reargue his motion to quash an investigatory subpoena duces tecum dated December 2, 1987 and, upon reargument, granted the motion to the extent that it sought preclusion of the names and addresses of former employees, unanimously modified, on the law and the facts, to grant petitioner's motion to quash item 4 of the subpoena, as modified by the letter dated January 29, 1988, only to the extent of limiting item 4 to the names and addresses of petitioner's employees and independent contractors for the applicable period and to direct petitioner to comply with said subpoena, as so limited, within 30 days of the service upon him of a copy of this court's order with notice of entry, and otherwise affirmed, without costs.

The Office of Professional Medical Conduct of the New York State Department of Health (OPMC) received several complaints of professional misconduct against the petitioner physician and authorized an investigation and the issuance of investigatory subpoenas.

Among other things, the subject subpoena, as modified by the January 29, 1988 letter, seeks to identify all employees of petitioner who worked for him between January 1, 1984 and December 2, 1987.

Petitioner contends that the subpoena duces tecum constitutes an improper fishing expedition and that the request is burdensome. (See, Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250.) On the other hand, OPMC contends that it should not be limited in its investigation and search for information.

On reargument, the Supreme Court, which originally denied the motion to quash after reviewing certain confidential material in camera, modified its determination by limiting the subpoena to present employees. In so ruling, the court found that other than some hearsay allegations from unidentified past employees, no facts have been alleged warranting the extensive examination of petitioner's papers for the years requested.

Reviewing the material submitted in camera, we find that it establishes a minimum threshold foundation justifying further investigation by respondent and the issuance of the subpoena. (See, Matter of Levin v Guest, 112 AD2d 830, affd 67 NY2d 629, cert denied 476 US 1171.) To defeat petitioner's motion to quash, respondent need not establish probable cause, but

merely that the information sought is relevant, i.e., it bears a reasonable relationship to the matter under investigation and the public purpose to be achieved. Such requirement of relevance is not very exacting. *(Virag v Hynes,* 54 NY2d 437, 442.) Certainly where charges of professional misconduct have been made by alleged former employees of petitioner, that part of item 4 of the subpoena which seeks disclosure of his employees' names and addresses appears to be reasonably related to the subject of the inquiry. *(See, Matter of Abrams v Thruway Food Mkt. & Shopping Center,* 147 AD2d 143.) However, at this point, respondent has failed to sufficiently demonstrate the necessity and relevance of the other information sought to overcome the right to privacy which petitioner's employees, past and present, enjoy in their personnel records. *(See, Matter of Dean Witter Reynolds v New York State Executive Dept., Div. of Human Rights,* 98 AD2d 676, 677, *appeal withdrawn* 65 NY2d 691.) Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ. *[See, — AD2d — (Oct. 30, 1990).]*