■ In the Matter of NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent, v EDWARD J. CUSH, as Business Manager of Local 361 of International Association of Bridge, Structural & Ornamental Iron Workers, et al., Appellants.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered July 17, 1991, which, *inter alia,* granted petitioner's motion pursuant to CPLR 2308 (b) to compel respondents to comply with certain subpoenas, unanimously affirmed, without costs.

Since 1963, statistical studies, hearings and investigative reports have demonstrated that a pattern of employment discrimination regarding minorities Afro-Americans, Hispanics and women has existed in the construction trade industry.

A further study was commenced in 1990 based on the continued evidence of such discrimination. Petitioner sought information designed to aid it in determining whether discrimination existed in the construction trade industry, if so, the causes thereof, and how to resolve such problems. As part of its investigation, and based in part on past evidence of respondents' practice of employment discrimination *(see, e.g., United States v Local 638, Enter. Assn.,* 347 F Supp 164, 183 [SD NY]), petitioner requested representatives of Locals 40 and 361 to appear at a hearing to answer relevant questions concerning the investigation of employment discrimination. Neither Local appeared and petitioner accordingly served upon respondents subpoenas seeking information relevant to the investigation. After respondents refused to comply with the subpoenas, petitioner instituted this proceeding pursuant to CPLR 2308 (b). Respondents moved to, *inter alia,* quash the subpoenas.

The IAS court granted the petitions and found that petitioner appropriately issued the subpoenas pursuant to its investigatory powers. Moreover, the court found that the relevance and need for the subpoenas was adequately demonstrated. We agree.

Prior to the recently amended relevant provisions of the Administrative Code of the City of New York, petitioner was permitted to issue subpoenas in relation to its investigation and studies in the field of human relations which necessarily included its power to investigate employment discrimination in the construction trade industry *(see,* CPLR 2302 [a]; Administrative Code of City of New York § 8-104 [4]; § 8-105 [4], [5]). Similarly, the recently amended title 8 of the Administrative Code (effective September 16, 1991), specifically grants petitioner the power to issue subpoenas "requiring the production of any evidence relating to any matter under investigation" (Administrative Code § 8-105 [5] [a]; *see also,* § 8-114). Hence, while respondents urge that petitioner could only issue subpoenas pursuant to Administrative Code § 8-109 (which provides that petitioner may issue a subpoena in response to a filed complaint), petitioner's subpoena power is certainly not so limited. Under past or present relevant provisions of the Administrative Code, petitioner's subpoena powers are broad and clearly encompass the subpoenas at issue herein which are relevant and necessarily will aid petitioner in the matter under investigation *(see, Doe v Office of Professional Med. Conduct,* 161 AD2d 123, *mod* 166 AD2d 397, *lv denied* 77 NY2d 801).

We have considered respondents' other arguments and find them to be meritless. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.