**AMERICAN SAFETY TABLE COM-PANY, Plaintiff,**

**v.**

**SCHREIBER & GOLDBERG, INC., Alvin Solomon, Joseph Schreiber and David Goldberg, individually and trading as Schreiber & Goldberg, Eleanor Goldberg, individually and as executrix of the Estate of David Goldberg, deceased, Lena Schreiber, and Ruth Ribak, as Executrix of the Estate of Alter Ribak, deceased, Defendants.**

No. 70 Civ. 3664.

United States District Court,
S. D. New York.

Nov. 30, 1970.

Otterbourg, Steindler, Houston & Rosen, New York City, for plaintiff; Frederic P. Houston, and Irwin B. Robins, New York City, of counsel.

Mischa Lazoff, New York City, for defendants Alvin Solomon and Schreiber & Goldberg, Inc.

MANSFIELD, District Judge.

In this suit to enforce a judgment obtained in this court against certain defendants by setting aside an alleged fraudulent conveyance made by them to other defendants, and for an accounting and damages, defendants Schreiber & Goldberg, Inc. ("S & G, Inc.") and Alvin Solomon ("Solomon"), its president and principal stockholder, move to dismiss the complaint for lack of jurisdiction over the parties and subject matter and for failure to state a cause of action, or, in the alternative, for a severance of claims against them. For the reasons stated below the motion is denied in its entirety.

Our jurisdiction is invoked on grounds of diversity of citizenship and as ancillary and pendent to the enforcement of a judgment of this court obtained in a suit over which we have federal question and federal statutory jurisdiction. See 28 U.S.C. §§ 1331, 1332, 1338, and 1355. Diversity jurisdiction is based on the fact that plaintiff is a Pennsylvania corporation, all defendants are citizens of New York or Florida, and the amount in controversy exceeds $10,000. The essential facts alleged in the complaint, which are accepted for the purposes of the motion except to the extent disproved by movants, United States v. Bim-

ba, 233 F.Supp. 966 (E.D.N.Y.1964), are as follows:

In 1952 plaintiff's predecessor, American Safety Table Company, Inc. ("Amco"), a Pennsylvania corporation, brought an action in this court against Joseph Schreiber and David Goldberg, trading as a New York partnership, Schreiber & Goldberg ("S & G (Partn.)"), seeking damages for patent infringement and unfair competition. Judgment was awarded in plaintiff's favor for patent infringement. Following an appeal (which reinstated the unfair competition claim), injunctive relief and an accounting were affirmed and on February 24, 1960, an interlocutory judgment was entered against Schreiber, Goldberg and S & G (Partn.) which appointed a Special Master to fix Amco's damages. After another appeal resulted in affirmance of this interlocutory judgment, a second such judgment was entered by us on April 16, 1961. A report of the Special Master, rendered on June 30, 1966, was adopted by this court on January 30, 1968, and on June 17, 1968, judgment was entered in favor of plaintiff as Amco's successor against Schreiber, Goldberg and S & G (Partn.) for $107,569.39. Although the judgment is now final, it remains outstanding and unpaid.

It is alleged that on or about June 16, 1961, Schreiber, Goldberg and S & G (Partn.), shortly after the entry of the second interlocutory judgment, fraudulently transferred the assets of S & G (Partn.) to Solomon and to one Alter Ribak (since deceased, whose estate is joined as defendant herein) without full and fair consideration and with intent to hinder and defraud creditors, including Amco, all pursuant to a conspiracy between Schreiber, Goldberg, S & G (Partn.), Solomon and Ribak. It is further alleged that three days later, on June 19, 1961, Solomon and Ribak fraudulently conveyed the assets of S & G (Partn.) to S & G, Inc., a corporation which continues the business and that defendants Solomon and S & G, Inc., having assumed the obligations of S &

G (Partn.), are liable to plaintiff in the sum of $107,569.39 owed by the partnership to plaintiff as Amco's successor.

In support of its claim that diversity of citizenship is lacking, defendants contend that plaintiff's principal place of business is in New York, relying on the fact that plaintiff is listed in the New York telephone directory with a telephone number and an address at 224 Fifth Avenue, New York City, and that a sign at the latter premises bears plaintiff's name under that of Ginsberg Machine Co. In reply plaintiff has furnished the uncontroverted affidavit of its General Counsel, Frederic P. Houston, pointing out that plaintiff's executive offices and manufacturing plant have at all relevant times been located in Reading, Pennsylvania, where it operates a large establishment, including the manufacturing plant itself, with adjacent executive offices, and employs more than 125 people. Plaintiff employs no employees, on the other hand, at the New York address, which is merely a telephone listing and mailing address at the office of an independent distributor, Ginsberg Machine Co., Inc., which occupies the premises and takes order for plaintiff's products or forwards inquiries to plaintiff.

On this record it is clear beyond any serious doubt that plaintiff does not have its principal place of business in New York within the meaning of 28 U.S.C. § 1332(b) and that the amount in controversy exceeds $10,000. We therefore have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Equally meritless are defendants' contentions that we lack jurisdiction over the subject matter for the reason that the complaint fails to present a federal question or state a claim upon which relief may be granted. The action is one to enforce a federal judgment against defendants who are claimed to have participated in a transfer of assets in defraud of the judgment creditors. Aside from our diversity jurisdiction we as a federal court have a vital interest in seeing that our judgments are not rendered ineffective by such misconduct. Accord-

ingly, we are vested with ancillary jurisdiction over proceedings to enforce them. Dugas v. American Surety Co. of New York, 300 U.S. 414, 428, 57 S.Ct. 515, 81 L.Ed. 720 (1937); Klages v. Cohen, 146 F.2d 641 (2d Cir. 1945); Jones v. National Bank of Commerce of El Dorado, 157 F.2d 214 (8th Cir. 1946); see 1 Moore's Federal Practice (2d ed. 1964) ¶ 0.90 [3]; Pierce v. United States, 255 U.S. 398, 401–402, 41 S.Ct. 365, 65 L.Ed. 697 (1921); Caspers v. Watson, 132 F.2d 614, 615 (7th Cir.); cert. denied, 319 U.S. 757, 63 S.Ct. 1176, 87 L.Ed. 1709 (1943).

Since joinder of defendants S & G, Inc. and Solomon is appropriate, their motion for a severance is denied.

It is so ordered.