**Barbara MASTERSON–COOK, Individually and as Personal Representative and Next of Kin to William Cook, Plaintiff,**

v.

**CRISS BROTHERS IRON WORKS, INC., Harkless Construction Company, Inc., Kenneth Goode, and James Gibbs, Defendants.**

Civ. A. No. 89–727 SSH.

United States District Court, District of Columbia.

Oct. 23, 1989.

---

Edwin H. Harvey, Washington, D.C., for plaintiff.

Michael F. Flynn, Rockville, Md., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This action arises from a traffic accident on Kenilworth Road in Bladensburg, Maryland. The individual defendants, Kenneth Goode and James Gibbs, were drivers of the colliding vehicles and employees of the corporate defendants, Criss Brothers Iron Works, Inc. (hereinafter Criss), and Harkless Construction Company, Inc. (hereinafter Harkless), respectively. Plaintiff's deceased husband was a passenger in the vehicle driven by defendant Gibbs of Harkless.

Defendants move to dismiss on a variety of jurisdictional grounds. Defendant Criss moves to dismiss for failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, insufficiency of service of process, and improper venue. In the alternative, Criss moves for transfer of the action to the United States District Court for the District of Maryland for the convenience of the parties and witnesses. Defendants Harkless and James Gibbs move to dismiss for lack of jurisdiction over the person. Considering defendants' memoranda of support and plaintiff's opposition to defendants' motions, this Court hereby denies the motions to dismiss of defendants Criss and Harkless.

However, the motion to dismiss of defendant Gibbs is granted.

## DISCUSSION

The Court addresses Criss's claim first. Criss asserts: (1) claims against it should be dismissed as there is no diversity of citizenship, and thus, the Court lacks subject matter jurisdiction; (2) proper venue is lacking; (3) plaintiff has failed to state a claim upon which relief can be granted; and (4) plaintiff's service of process was insufficient.

■ First, defendant Criss contends that diversity of citizenship between all the plaintiffs and all the defendants does not exist because Criss is licensed to do business and does business in the District of Columbia. The Court finds defendant's reasoning unpersuasive. Criss is incorporated under the laws of Maryland and plaintiff resides in the District of Columbia.

Section 1332(c) provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Plaintiff alleges that Bladensburg, Maryland, is the principal place of business for Criss. Although Criss does not deny this allegation, it contends that since it does business in the District of Columbia, diversity is destroyed. The Court disagrees. It finds that Criss's principal place of business is not in the District of Columbia, and consequently, diversity exists.

Federal courts have applied a "nerve center of operation" test to establish the principal place of business of corporations doing business in multiple states. *See Knee v. Chemical Leaman Tank Lines, Inc.*, 293 F.Supp. 1094 (E.D.Pa.1968); *National Spinning Co. v. City of Washington*, 312 F.Supp. 958 (E.D.N.C.1970). When no one state is clearly the center of corporate activity or accounts for a majority of the company income, the headquarters logically assumes greater importance in determination of the principal place of business. *Mahoney v. Northwestern Bell Tel. Co.*, 258 F.Supp. 500 (D.Neb.1966), *aff'd*, 377 F.2d 549 (8th Cir.1967). In this case, it is undisputed that Criss's corporate headquarters is in Maryland, the location of its corporate offices and its treasurer, Anthony Cristaldi. Since Criss's operations occur in unknown proportions in Maryland, Virginia, and the District of Columbia, the corporation's headquarters is a compelling factor in the principal place of business test. *Riggs v. Island Creek Coal Co.*, 542 F.2d 339 (6th Cir.1976). Thus, it is clear to the Court that diversity exists.

■ Defendant Criss further contends that venue is improper in the District of Columbia because its residence for venue purposes could be Maryland, Virginia, or the District of Columbia and, consequently, diversity would be destroyed. 28 U.S.C. § 1391(a) provides that an action based solely on diversity may be brought "only in the judicial district where all the plaintiffs reside or all defendants reside, or in which the claim arose." The plaintiff has wide discretion in choosing a forum, and plaintiff has properly laid venue in the District of Columbia, where she resides.

■ Third, defendant Criss contends that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges *inter alia* that she has suffered loss of consortium due to negligence of the defendants. District of Columbia courts recognize loss of consortium as an actionable offense. *District of Columbia v. Barriteau*, 399 A.2d 563, 566 (D.C.1979). Consequently, this Court denies defendant's motion to dismiss for failure to state a claim.

■ Fourth, defendant Criss moves to dismiss for insufficiency of service of process. Plaintiff served process on Criss's treasurer, Anthony Cristaldi, in Bladensburg. Since Criss is subject to suit in the District of Columbia under the long-arm statute, plaintiff properly served the foreign corporation's officer pursuant to F.R. C.P. 4(d)(3). Although Criss maintained an agent for service of process in the District of Columbia, service to the corporate officer in Maryland was sufficient. Additionally, plaintiff timely served defendant's agent in the District of Columbia.

In the alternative, Criss moves to transfer the case to the United States District Court for the District of Maryland for the convenience of the parties and witnesses. Considering the proximity of the parties and witnesses to the District of Columbia, the Court denies defendant's motion to transfer.

■ Defendant Harkless also moved to dismiss. Harkless's motion is based on an alleged lack of personal jurisdiction. Since Harkless is not organized under the laws of the District of Columbia, plaintiff asserts jurisdiction over Harkless pursuant to the District of Columbia long-arm statute section (a)(4). D.C.Code § 13–423 (1981). Section 13–423(a)(4) provides that a District of Columbia court may assert jurisdiction over one who "causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." Therefore, the Court looks to (1) the location of the injury, and (2) the nature of the defendant's contacts within the District.

Defendant Harkless contends that the allegedly negligent acts of its employee did not cause tortious injury in the District of Columbia. The Court disagrees, since plaintiff claims a loss of consortium, which occurred in her marital domicile, the District of Columbia. In distinguishing between the act or omission which produces the injury and the injury itself, this court has found the locus of injury for an individual suffering peculiarly at home, to be her home. *Aiken v. Lustine Chevrolet, Inc.*, 392 F.Supp. 883 (D.D.C.1975). In *Lustine*, plaintiff suffered injury to both her credit rating and her mental and emotional well-being as a result of a fraudulent auto sale in Maryland. *Id.* at 884. The court held that such injuries could only have been sustained in the District of Columbia. *Id.* at 886. In this case, plaintiff alleges she has suffered loss of consortium, which occurs in her marital domicile, the District of Columbia. *See Albert v. McGrath*, 278

F.2d 16, 17 (D.C.Cir.1960); *Hitaffer v. Argonne Co.*, 183 F.2d 811 (D.C.Cir.1950).

Defendant Harkless further argues that the nature of the defendant's contacts does not justify jurisdiction under the D.C. long-arm statute, § 13–423(a)(4). However, three percent of Harkless's sales occur in the District and thereby constitute substantial revenue. The District of Columbia Circuit has held that one percent of a company's total gross revenue was substantial. *Founding Church of Scientology v. Verlag*, 536 F.2d 429 (D.C.Cir.1976). Even for a small corporation, low percentages of annual profits may constitute "significant revenue." *Liberty Mutual Insurance Co. v. American Pecco Corp.*, 334 F.Supp. 522 (D.D.C.1971) (yield from the sale of one crane, out of a company's total annual production of 18 cranes—five and one-half percent—constitutes "substantial revenue"). Additionally, due to the itinerant nature of the construction industry, three percent of annual business may simply reflect an atypically low percentage of receipts from a potentially significant market.

■ Defendant Gibbs also moves to dismiss plaintiff's claims based on lack of personal jurisdiction. The Court finds no basis for an assertion of personal jurisdiction over defendant Gibbs in his individual capacity. The burden of proving jurisdictional facts rests on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Plaintiff makes the same claims against Gibbs as she made against defendants Criss and Harkless. Gibbs, however, is being sued in his individual capacity. Since Gibbs is domiciled in Seat Pleasant, Maryland, and the record is devoid of any showing that Gibbs had any contacts whatsoever with the District of Columbia, Gibbs's motion is granted. *See Aiken v. Lustine Chevrolet, Inc.*, 392 F.Supp. 883, 886 (D.D.C.1975); *Security Bank, N.A. v. Tauber*, 347 F.Supp. 511, 516 (D.D.C.1972).

■ Pursuant to Fed.R.Civ.P. 19(b), the Court finds that dismissal of defendant Gibbs does not require dismissal of the entire action. The defendants in this action

are before this Court as alleged joint tortfeasors. Liability is joint and several. The Court finds no reason to depart from the long-established principle that joint tortfeasors are not indispensable parties. *Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987); *Advisory Committee's Note to Rule 19*, 39 F.R.D. 89, 91 (1966); 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1623 (1986). *See also Picard v. Wall Street Discount Corp.*, 526 F.Supp. 1248 (S.D.N.Y.1981). Agents need not be joined as indispensable parties in a negligence action where all allegations of negligence against them are as agents of other defendants so that judgment against other defendants could be obtained for negligent acts of their agents. *Rieser v. District of Columbia*, 563 F.2d 462, 472 (D.C.Cir.1977); *Milligan v. Anderson*, 522 F.2d 1202, 1204–05 (10th Cir.1975). *See also Nash v. Hall* 436 F.Supp. 633, 635 (W.D.Okl.1977).

Accordingly, the Court denies defendant Criss's and defendant Harkless's motions to dismiss, and grants defendant Gibbs's motion to dismiss.