Glenn L. FORMICA, Plaintiff,

v.

CASCADE CANDLE COMPANY,
et al., Defendants.

No. Civ. 00–02326ESH.

United States District Court,
District of Columbia.

Jan. 8, 2001.

Bruce L. Marcus, Marcus & Bonsib, Greenbelt, MD, for plaintiff.

Walter B. Wraga, Rockville, MD, Richard E. Schimel, Budow & Noble, P.C., Bethesda, MD, for defendants.

### MEMORANDUM OPINION

HUVELLE, District Judge.

Before the Court is defendant Cascade Candle Company's Motion to Quash Service of Process or to Dismiss, or in the alternative, for Summary Judgment, as well as its Motion for Relief against the Cross–Claim of East of L.A., Inc. Defendant argues that there is a lack of personal jurisdiction and insufficiency of service. The Court agrees that it lacks jurisdiction over defendant, and thus, it need not address defendant's argument regarding the insufficiency of service.

### BACKGROUND

Plaintiff is a resident of the State of Connecticut. Defendant is a corporation organized under the laws of the State of Oregon, with its principal place of business located at 29365 Airport Road, Eugene, Oregon. Defendant designs and manufactures scented candles. Plaintiff asserts that he was injured when a candle manufactured by defendant spontaneously exploded during the normal course of use. He had purchased the candle from East of L.A., Inc., another defendant in this case, which operates a store at 5520 Connecticut Avenue, NW, Washington, D.C. Plaintiff believes the candle was supplied to East of L.A. by defendant U.S.A. Unico, d/b/a/ Central Casting, Inc., a nationwide distributor organized and existing under the laws of State of California with its principal place of business located at 1150 Sixth Street, Berkeley, California, which purchased the candle from defendant Cascade Candle Company.

### ANALYSIS

Plaintiff argues that the Court has personal jurisdiction over defendant pursuant to the District of Columbia's long-arm statute, D.C.Code § 13–423(a)(1), which provides in relevant part:

A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

In order to exercise jurisdiction over defendant pursuant to this statute, "only a claim for relief arising from acts enumerated in this section may be asserted against [it.]" D.C.Code § 13–423(b). "To establish personal jurisdiction under the 'transacting business' clause of the long-arm statute, D.C.Code § 13–423(a)(1), a plaintiff must demonstrate that (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District (so-called specific jurisdiction); (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" COMSAT Corp. v. Finshipyards S.A.M., 900 F.Supp. 515, 521 (D.D.C.1995) (internal quotation marks and citation omitted).

Plaintiff argues that jurisdiction exists based on defendant's sale of its candles to a nationwide distributor, defendant Unico. (See Pl.Opp. at 3). To support its contention that defendant is "transacting business" in the District of Columbia, plaintiff cites a number of cases in which this Court has found a small number of sales sufficient to establish personal jurisdiction. (See Pl.Opp. at 4–5). Plaintiff's reliance on these cases is misplaced. Three of them involved a finding of personal jurisdiction under D.C.Code § 13–423(a)(4), rather than D.C.Code § 13–423(a)(1), see Masterson–Cook v. Criss Bros. Iron Works, 722 F.Supp. 810 (D.D.C.1989); Akbar v. New

*York Magazine Co.*, 490 F.Supp. 60 (D.D.C.1980); *Liberty Mutual Insurance Company v. American Pecco Corp.*, 334 F.Supp. 522 (D.D.C.1971), and as recognized by the D.C. Circuit, the analyses under (a)(1) and (a)(4) are analytically distinct. *See Crane v. Carr*, 814 F.2d 758, 763 (D.C.Cir.1987). Under § 13–423(a)(4), personal jurisdiction can be found based on the defendant's

> causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

In each of the three cases, the Court not only found that substantial revenue had been derived from the small number of sales that occurred, but as required by statute, there was no question that the injury complained of had occurred in the District of Columbia. *See Masterson–Cook*, 722 F.Supp. at 813; *Akbar*, 490 F.Supp. at 64; *Liberty Mutual Insurance Company*, 334 F.Supp. at 523.

Plaintiff also cites two (a)(1) cases— *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320 (D.C.2000), and *Rhee Bros. v. Seoul Shik Poom*, 869 F.Supp. 31 (D.D.C. 1994). Although the court in *Shoppers Food Warehouse* found that "[e]ven a small amount of in-jurisdiction business activity is generally enough to permit the conclusion that a nonresident defendant has transacted business here," 746 A.2d at 331, the court must determine whether there is personal jurisdiction pursuant to (a)(1) "on a case-by-case basis, noting in each the particular activities relied upon by the resident plaintiff as providing the supposed basis for jurisdiction." *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F.Supp. 46, 49 (D.D.C.1994) (quoting *Environmental Research Intern., Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 811 (D.C.1976)). "The long-arm statute analysis is subsumed by the due process analysis expressed in the third and fourth prongs" of the (a)(1) test, *COMSAT Corp. v. Finshipyards S.A.M.*, 900 F.Supp. 515, 521 (D.D.C.1995), and thus, "the appropriate inquiry is whether [defendant has] the requisite 'minimum contacts' with the District so that the exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Material Supply Int'l, Inc. v. Sunmatch Industrial Co., Ltd.*, 62 F.Supp.2d 13, 19 (D.D.C.1999).

In *Shoppers*, a D.C. resident slipped and fell in a grocery store in Maryland. The Court of Appeals for the District of Columbia found that personal jurisdiction existed on the basis that "through its extensive advertising activity in a major District of Columbia newspaper," the defendant "purposefully and deliberately solicited District residents as customers for its nearby Maryland and Virginia stores and thus transacted business in the District, and further, because plaintiff's claim was related to or had a discernable relationship to its advertising," defendant "could have reasonably anticipated being haled into court to defend against a ... suit brought by a District resident." 746 A.2d at 335.

In *Rhee Bros.*, this Court found that it had personal jurisdiction over a New York corporation on the basis that the fact that 3.6% of its sales and one of its customers were in the District demonstrated that it had "purposely availed itself of the privilege of conducting business in the District of Columbia by seeking sales of and distributing its goods in the District of Columbia." 869 F.Supp. at 32.

The case before the Court is clearly distinguishable from *Shoppers* and *Rhee Brothers* in that defendant's contacts with the District are far less numerous and far less significant. As stated in the affidavit of Alfred Roeske, defendant's president, defendant does not maintain any offices or own property in the District, does not have any offices or employees, agents, or other representatives in the District, does not

solicit any business in the District, and does not engage in any advertising directed to the citizens and businesses of the District. (Roeske Aff. ¶¶ 2–6). Moreover, defendant's arrangements with distributor U.S.A. Unico are independent of any contracts between U.S.A. Unico and its customer stores, as defendant does not receive any revenue from candle sales in the District. (*See id.* ¶ 5). Thus, any connection that defendant might have to D.C. citizens or businesses is, at most, tenuous and indirect.

■ Plaintiff's sole basis for believing defendant transacts business in the District is his belief that "[b]y selling candles it manufactured for distribution to a nationwide distributor (Defendant Unico), Defendant Cascade purposefully and knowingly placed its goods into a nationwide stream of commerce, including the District of Columbia, where Unico regularly sells goods. The contact that Cascade has made with the District of Columbia is the proximate result of purposeful action taken by Cascade to have its candle products nationally distributed." (Pl.Opp. at 3). Plaintiff argues that such an act is sufficient, as the Court "may assert its personal jurisdiction power 'over a corporation that delivers its products into the streams of commerce with the expectation that they will be purchased by consumers in the forum State.'" (Pl.Opp. at 3) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–298, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Even if defendant put its candles into a national stream of commerce with the knowledge that they would reach the District, it is well-settled that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Asahi Metal Industry Co., Ltd. v. Superior Ct. of Cal.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *see also Color Systems, Inc. v. Meteor Photo Re-*

*prographic Systems, Inc.*, 1988 WL 13187, at *2 (D.D.C. Feb. 11, 1988) (discussing the Supreme Court's adoption of the Eighth and Third Circuits' interpretation of *World–Wide Volkswagen* as "requiring something more than mere awareness on the part of defendants that their products would enter the forum State"); *Fogle v. Ramsey Winch Co.*, 774 F.Supp. 19, 21 (D.D.C.1991) (finding jurisdiction over foreign defendant where defendant took steps beyond merely placing a product into the stream of commerce by engaging in a national marketing campaign, including national advertisements that reach consumers in the District of Columbia). Because defendant has not engaged in any additional conduct to "indicate an intent or purpose to serve the market in the foreign State," defendant lacks the " 'substantial connection' ... necessary for a finding of minimum contacts." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Apart from the question of the placement of goods in the stream of commerce, an evaluation of the factors considered when determining whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice reveals that an exercise of jurisdiction over defendant in this case would be unreasonable. *See Asahi Metal Industry Co., Ltd.*, 480 U.S. at 113–15, 107 S.Ct. 1026. First, it is unreasonable for defendant to expect to be haled into a District of Columbia court with respect to a matter brought by a Maryland plaintiff relating to an injury that occurred in Maryland. In order to extend personal jurisdiction over defendant pursuant to the District's long-arm statute, defendant must have had "fair warning" that it would be sued by someone such as plaintiff in the District of Columbia. *Shoppers*, 746 A.2d at 332 (quoting *Burger King*, 471 U.S. at 472, 105 S.Ct. 2174); *see also World–Wide Volkswagen Corp.*, 444 U.S. at 292, 100 S.Ct. 559 (quoting *Intl. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ("The relationship between defendant and

the forum must be such that it is 'reasonable ... to require the corporation to defend the particular suit which is brought there' ")). Plaintiff asserts that the candle manufactured by defendant was purchased in the District of Columbia. However, it is uncontested that plaintiff was a resident of Maryland when he purchased the candle, and that he was injured in Maryland.

■ A related factor in determining whether the exercise of personal jurisdiction over defendant is reasonable or fair is the District of Columbia's "interest in adjudicating the dispute." *World–Wide Volkswagen Corp.,* 444 U.S. at 292. Where the plaintiff is not a resident of the forum, the forum state's "legitimate interests in the dispute have considerably diminished." *Asahi Metal Industry Co., Ltd.,* 480 U.S. at 114, 107 S.Ct. 1026; *see also Shoppers,* 746 A.2d at 328 ("A State generally has a manifest interest in providing *its residents* with a convenient forum for redressing injuries inflicted by out-of-state actors") (emphasis added) (internal citations and quotation marks omitted). Thus, the District's interest in having this case litigated within its borders is minimal.

**Request for Further Discovery**

■ Plaintiff requests that he be granted a period for further discovery in the event the Court determines that there are not sufficient facts to support a finding of personal jurisdiction over defendant at this time. (Pl.Opp. at 6). To merit further jurisdictional discovery, a plaintiff "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1090 (D.C.Cir.1998). Plaintiff has failed to demonstrate such a belief, asserting only that he seeks "to establish Cascade's business contacts within the District of Columbia." (Pl.Opp. at 6). Plaintiff does not even suggest that he believes that defendant has any business contacts with the District of Columbia other than

the attenuated link through defendant U.S.A. Unico. Therefore, plaintiff has "alleged absolutely nothing, upon either information or belief, to indicate that a court in the District of Columbia might constitutionally assert jurisdiction over" defendant. *Caribbean Broadcasting System,* 148 F.3d at 1089. *See also Naartex v. Watt,* 722 F.2d 779, 788 (D.C.Cir.1983) (denying jurisdictional discovery where pleadings contain "no allegations of specific facts that could establish the requisite contacts").

## CONCLUSION

Thus, the Court is without jurisdiction to hear this matter. Accordingly, defendant's motion to dismiss is hereby **GRANTED,** its motion to quash service is hereby **DENIED AS MOOT,** its motion for summary judgment is hereby **DENIED AS MOOT,** and its motion for relief against the cross-claim of East of L.A., Inc. is **GRANTED.** Furthermore, plaintiff's claims and cross-claimant East of L.A.'s claim against defendant are **DISMISSED.**