**HERITAGE EDUCATION TRUST, et al., Plaintiffs,**

v.

**Rita KATZ, et al., Defendants.**

No. CIV.A. 03–1362 RMC.

United States District Court, District of Columbia.

Oct. 17, 2003.

---

Jason Christopher Chipman, Martin Alexander Price, Hogan & Hartson, LLP, Washington, DC, Richard L. Cys, Laura Rose Handman, Davis, Wright & Tremaine, LLP, Washington, DC, for Search for International Terrorist Entities.

Diane Elizabeth Cooley, Washington, DC, Nancy Luque, Washington, DC, Donna M. Scheinbach, Luque Sheinbach, LLP, Washington, DC, for Heritage Education Trust.

Lee Levine, Levine Sullivan & Koch, LLP, Washington, DC, for CBS Broadcasting, Inc.

## *ORDER*

COLLYER, District Judge.

This is a lawsuit that began in the Superior Court of the District of Columbia and was removed, based on diversity jurisdiction under 28 U.S.C. § 1332, to federal district court. Plaintiffs, who sue for alleged defamation and trespass, filed a motion to remand. The matter has been fully briefed and the Court held an evidentiary hearing on October 7, 2003. The argument between the parties concerns the principal place of business of defendant SITE Institute ("SITE") and whether there is complete diversity of citizenship between the parties. Plaintiff Safa Trust is a charitable trust registered in the District of Columbia. Plaintiffs believe that SITE's principal place of business is also in the District of Columbia, which would destroy diversity, but defendants insist that it is in Maryland.

A court lacks diversity jurisdiction if there are litigants from the same

state on opposing sides of the controversy. 28 U.S.C. § 1332(a)(1); *see Prakash v. American Univ.*, 727 F.2d 1174, 1178 n. 25 (D.C.Cir.1984). A corporation is deemed to be a citizen of the state in which it is incorporated *and* the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business for a corporation is usually its headquarters, where day-to-day business is conducted. *Masterson–Cook v. Criss Bros. Iron Works, Inc.*, 722 F.Supp. 810, 812 (D.D.C.1989). If a corporation does business in more than one state, a court might look for its "nerve center of operation" to determine its citizenship. *Id.* at 812.

■ The problem arises here because SITE, a non-profit corporation under 26 U.S.C. § 501(c)(3), advertises itself—on its web site, in all publications, and in every press interview and story—as being a "Washington-based" entity. While slightly different terminology might be used from one instance to another, testimony of defendant Rita Katz, founder of SITE, was entirely consistent with these representations. Ms. Katz wants the public to believe that SITE has offices in the District of Columbia, so SITE advises the world that its address is 4200 Wisconsin Avenue, N.W., Suite 228, Washington, D.C., and that its telephone number and fax number have a "202" prefix, which occurs only in Washington, D.C. However, Ms. Katz's testimony and affidavits are also very clear that SITE's physical office is located in the State of Maryland, that the Wisconsin Avenue address is the location of, *inter alia*, a United Parcel Service ("UPS") store, and that Suite 228 is actually post office box 228 in the UPS store. Ms. Katz further

testified that SITE recovers its mail from the Wisconsin Avenue location and takes it to Maryland; the telephones are forwarded automatically from the "202" prefix to SITE's location in Maryland (area code 301); SITE does all its banking in Maryland; and SITE operates exclusively from Maryland. Ms. Katz states that the reason for the District of Columbia address is security: the acronym SITE stands for *S* earch for *I* nternational *T* errorist *E* ntities and Ms. Katz believes that its activities could jeopardize the safety of herself, SITE associates, and SITE investigative files, if the location were known.

More particularly, Ms. Katz was born in Iran and lost family members to the regime of Saddam Hussein. Her father was hanged by the regime after being charged with spying for Israel. She came to this country in 1997 and now she "track[s] down, investigate[s], and research[es] front groups suspected of terrorist ties." Ms. Katz authored the book *Terrorist Hunter*, which she published anonymously, and she appeared on the CBS television program "60 Minutes," in disguise, to discuss the book. Ms. Katz asserts that she has gone undercover to investigate groups that aid terrorists and has provided helpful information to the United States government. For this reason, defendants argue, she has carefully hidden the physical location of SITE from its targets and others so that no harm can come to SITE associates or research materials. Ms. Katz's testimony concerning the physical location of SITE offices is supported by an affidavit of a CBS newsperson who interviewed her at that location.[1]

Plaintiffs argue that SITE's only contact information is in the District of Columbia

---

**1.** This lawsuit arises in connection with the "60 Minutes" broadcast. Plaintiffs were subjects of an investigation by Ms. Katz and SITE, were mentioned in the CBS broadcast,

and sue for allegedly-false statements that plaintiffs had connections with, or funded, terrorist organizations and for trespass.

and that all contacts at least go through the District of Columbia by telephone, as do all mail and contributions to SITE. This, they argue, makes the Wisconsin Avenue address "obviously more than a 'mailing address,' and for jurisdictional purposes is compelling." Motion to Remand at 5. In support of this argument, plaintiffs point out that SITE used the Wisconsin Avenue address—not a Maryland location—on its application to the Internal Revenue Service (IRS) for its tax-exempt status. SITE counters that a principal place of business does not exist where mail is merely delivered or picked up and where there is a telephone listing. *See Paddlewheel Props., Inc. v. Waste Mgmt. of Miss., Inc.*, 23 F.Supp.2d 670, 672 (S.D.Miss.1997) (under the "total activity" test, use of an Illinois post office box was insufficient, when weighed against other contacts, to find that defendant was not a Mississippi corporation); *Bonar, Inc. v. Schottland*, 631 F.Supp. 990, 994 (E.D.Pa. 1986) (referencing in corporate documents a business mailing address in Delaware did not make that state the location of defendant's principal place of business); *Am. Safety Table Co. v. Schreiber & Goldberg, Inc.*, 320 F.Supp. 603, 604 (S.D.N.Y.1970) (defendant's principal place of business was not in New York, even though it maintained a telephone listing and mailing address at the office of an independent distributor in that state).

The written record, affidavits, and arguments of counsel have been augmented through oral testimony and the Court's observation of the demeanor and testimony of live witnesses. *See Mayo v. Questech, Inc.*, No. 89–223, 1989 U.S. Dist. LEXIS 4267, at *2 (D.D.C. April 21, 1989) ("[W]here, as here, the documentary evidence appears to contradict the stated intent of the party at issue [concerning the domicile of a corporation], an evidentiary hearing is necessary.") (citing *Prakash v.*

*American Univ.*, 727 F.2d at 1180). The testimony was entirely consistent—SITE cannot be found within the District of Columbia, even at its stated address on Wisconsin Avenue—but only challenged as to its legal significance, *i.e.*, does the use of a Washington, D.C. address on all public documents and statements, for mail, and for financial contributions make the District of Columbia the "nerve center" for SITE when its offices are in Maryland? The Court concludes that the use of a District of Columbia address and telephone number as a "cover" to hide SITE's true Maryland location cannot, and does not, suffice for these purposes. The Court finds that the principal place of business of SITE is in the State of Maryland and not in the District of Columbia. Since this conclusion supports defendants' argument that there is complete diversity of citizenship between the parties so that the case could be properly removed from Superior Court, this Court denies the motion to remand.

SO ORDERED.